IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| A.T.E. ENERGY CORPORATION<br>DEBTOR | : | BANKRUPTCY NO.: 5-08-bk-52815 |
| | : | |
| JOHN MARTIN, CHAPTER 7 TRUSTEE,<br>PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| ANDREW P. THIERRY,<br>DEFENDANT/THIRD PARTY PLAINTIFF | : | {**Nature of Proceeding**: Motion of ESSA Bank to Dismiss Third Party Complaint (Doc. #28)} |
| | : | |
| vs. | : | |
| | : | |
| ESSA BANK & TRUST,<br>THIRD PARTY DEFENDANT | : | **ADVERSARY NO.: 5-08-ap-50216** |

# OPINION[1]

Before the Court is a Motion of ESSA Bank & Trust, Third Party Defendant, (hereinafter "ESSA" or "Third Party Defendant"), to Dismiss the Third Party Complaint filed by Andrew P. Thierry, Defendant and Third Party Plaintiff. For the reasons provided herein, I will grant the Motion to Dismiss, and the Third Party Defendant is permitted to file an Amended Third Party Complaint on or within thirty (30) days of the date of this Order.

This adversary was initiated by Complaint of the Plaintiff, John J. Martin, Trustee to the above-captioned Debtor, against Andrew P. Thierry, original Defendant and Third

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[K:\Cathy|Opinions-Orders filed 2010\5-08-ap-50216_ATE_Energy.pdf]

Party Plaintiff. The Complaint has two Counts against Mr. Thierry with the first Count requesting the avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548. Count II is brought under the fraudulent transfer provisions of the United States Bankruptcy Code at 11 U.S.C. § 544 and the Pennsylvania Fraudulent Transfer Act at 12 Pa.C.S.A. § 5104. The underlying allegations of the Complaint concern the sale and purchase of all the outstanding shares of the common stock of the Debtor allegedly owned by Mr. Thierry to a non-party, Robert E. Pickell.

The Third Party Complaint alleges, *inter alia,* that ESSA agreed to finance the stock purchase but "insisted that the loan be structured as a loan to A.T.E.." See Third Party Complaint at ¶ 7 (Doc. #22). The Third Party Complaint alleges that ESSA took a security interest in all assets of the Debtor. Furthermore, to the extent that the Plaintiff/Trustee may prevail in the Complaint against the original Defendant, the Third Party Defendant would be solely liable to the Plaintiff or would be liable over to the Third Party Plaintiff/original Defendant or would be jointly and severally liable.

The Motion to Dismiss alleges that by an earlier Stipulation[2] entered on the main docket, the Trustee and ESSA settled all claims that the estate had against ESSA or may have had against the estate including all fraudulent transfers and preference claims.[3] The Motion indicates that the settlement was noticed to all creditors of the estate, including Mr. Thierry. Count I of the Motion to Dismiss alleges that because of the above-referenced settlement, the Third Party Complaint was barred by the principles of *res*

---

[2] See Motion to Approve settlement between the Chapter 7 Trustee on behalf of the estate and ESSA Bank and Trust and Stipulation attached as Exhibit 1 at main case docket #20.

[3] See Stipulation at main docket #20-1 at paragraph 13.

*judicata* and satisfaction, and because any fraudulent transfer or preference claim asserted by the original Defendant/Third Party Plaintiff is exclusively the property of the bankruptcy estate, there is no independent cause of action against ESSA. Count II of the Motion to Dismiss indicates that there is a failure to state a claim of relief against the Third Party Defendant under the principles enunciated by the Supreme Court in the case of *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Court will first address ESSA's assertion that the Third Party Complaint is barred by the principles of res judicata with guidance from an earlier Opinion of this Court in the case of *In re Cost Control Marketing and Management, Inc. (Murray vs. Leiter*, *et al.)*, Adversary No. 5-92-ap-00102, slip op. at 5 (Bankr. M.D.Pa. July 13, 1994)..

> Res judicata and collateral estoppel are two principles of judicial finality which have the same general objective but have differences which are more than merely of procedural importance. 1B Moore's Federal Practice, ¶ 0.405[1], pages III-4 and III-5 provides the following explanation as to the terms res judicata and collateral estoppel and the distinctions between the two of them.
>
> > **[1]-- Res Judicata Defined; Its Function and Underlying Policy.**
> >
> > The term res judicata is often used to denote two things in respect to the effect of a valid, final judgment: (1) that such a judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim or demand; and (2) that such a judgment constitutes an estoppel, between the same parties or those in privity with them, as to matters that were necessarily litigated and determined although the claim or demand in the subsequent action is different. To clarify the distinction between these propositions, we will use the

> commonly accepted terminology and use the term "res judicata" to describe the first proposition only, and the term "collateral estoppel" to describe the second proposition.

The Bank directs our attention to the case of ***Purter v. Heckler*, 771 F.2d 682 (3rd Cir. 1985)** in which the court discussing the requirements to successfully raise a defense of res judicata wrote the following at page 690:

> "In order to raise successfully the defense of *res judicata*, the party asserting the defense must demonstrate that (1) there has been a final judgment on the merits in a prior suit; (2) the prior suit involves the same parties or their privies and (3) the subsequent suit is based on the same causes of action. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)."

The court further wrote also on page 690 the following concerning the considerations relevant as to whether or not there is an identity of causes of action:

> "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions....); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first) ... and (4) whether the material facts alleged are the same."

*In re Cost Control Marketing and Management, Inc. (Murray vs. Leiter, et al.),* supra.

A review of the record indicates that there was no litigation initiated by the Trustee against ESSA in an effort to avoid the alleged secured lien that ESSA claims in all the Debtor’s tangible and intangible property. The Motion to Approve the settlement at docket number 20 indicates that ESSA is the holder a secured claim against the Debtor’s tangible and intangible property and that the Trustee has asserted a claim(s) against ESSA under the Pennsylvania Fraudulent Conveyance Statute to avoid the lien of ESSA in the collateral. Presumably, an alleged claim against ESSA was made by the Trustee. As a

result, the parties entered into the Stipulation, attached to the Motion as Exhibit 1, which provided that the Stipulation settled all claims the estate had against ESSA, specifically including any fraudulent transfer or preference claim.

Reviewing the elements of res judicata as set forth above, the Court will not address whether the approval by Order of this Court of the aforementioned settlement effectuates a final judgment rendered on the merits. What has not been established to this Court's satisfaction to meet the requirements of res judicata is whether Andrew P. Thierry was either a party to the prior judgment or was ***in privity*** with the parties to the prior action. The allegations of the instant Motion to Dismiss fall far short of an allegation that Mr. Thierry was in privity with ESSA. Furthermore, the Court cannot determine whether the acts complained of or the theory of recovery would have been the same against Mr. Thierry as it was against ESSA. It is for these reasons that the Court will deny that part of the Motion requesting that the Third Party Complaint be barred because of the principle of res judicata.

I will now address that portion of the Motion to Dismiss claiming that the Third Party Complaint fails to state a claim of relief against the Third Party Defendant under the principles enunciated by the Supreme Court in the case *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court notes that the Third Party Defendant has not attacked the procedural posture of this adversary, namely, the propriety of the filing of the Third Party Complaint under Federal Rule of Civil Procedure 14(a), as made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy

Procedure 7014.[4] Has the Third Party Plaintiff, Andrew P. Thierry, properly asserted a Third Party Complaint against ESSA as a Third Party Defendant?

> This court is fortunate to have guidance as to the application of Rule 14 by the District Court for the Middle District of Pennsylvania, Chief Judge Sylvia Rambo, in the case of *Toberman v. Copas*, 800 F.Supp. 1239 (M.D.Pa. 1992) wherein we find the following:
>
> > The underlying purpose of Rule 14 is to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him. Charles A. Wright, Arthur Miller & Mary Kane, 6 *Federal Practice and Procedure* ("Wright & Miller"), § 1441 at 289-90 (1990). True Rule 14 claims fall within "ancillary" or "supplemental" jurisdiction; the latter is a judicially developed concept under which a district court exercises jurisdiction over incidental matters raised by a case over which the court otherwise properly has jurisdiction. *See id.*, § 1444 at 316. Rule 14 neither creates any legal causes of action, nor authorizes the use of impleader practice to violate the limits of federal jurisdiction. *Id.*, § 1442 at 293-94.
> >
> > Rule 14 was amended in 1946, with the amended version becoming effective in 1948; prior to that time, a defendant could also implead persons directly liable to the plaintiff. *Id.*, § 1441 at 287-88. The 1948 amendment removed a serious jurisdictional issue that had arisen under Rule 14: if a defendant's impleader of a third party who was liable to the plaintiff under ancillary jurisdiction were allowed, this might sanction circumvention of federal jurisdictional requirements, like diversity of citizenship, by encouraging collusion between the original plaintiff and the original defendant. *Id.*, § 1444 at 320. The 1948 amendment was designed to totally eliminate the possibility of this

---

[4] The Court notes that the alleged purchaser of all the issued and outstanding shares of common stock of the Debtor, Robert E. Pickell, is a non-party to both the original Complaint and the Third Party Complaint. Mr. Pickell was not added as an original Defendant, or added as a Third Party Defendant under Federal Rule of Bankruptcy Procedure 7014 or as an indispensable party needed for just determination under Federal Rule of Bankruptcy Procedure 7019.

occurring. *Id.* at 321.

> Courts have stringently followed the rule that a third party complaint may not set forth a claim of the third party defendant's liability to the plaintiff. It must set forth a claim of *secondary* liability such that, if the third party plaintiff is found liable, the third party defendant will be liable to him/her under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law. Jack Friedenthal, Mary Kane and Arthur Miller, *Civil Procedure* ("Friedenthal, Kane & Miller"), § 6.9 at 362. Any third party complaint which does not facially meet this test is not proper under Rule 14 and thus falls outside of this court's ancillary jurisdiction. *See, e.g., Hanko v. United States*, 583 F.Supp 1280, 1284 (W.D.Pa.), *aff'd without opinion*, 749 F.2d 26 (3d Cir. 1984); *Cook v. Cook*, 559 F.Supp. 218, 219 (E.D.Pa. 1983); *Barab v. Menford*, 98 F.R.D. 455, 456 (E.D.Pa. 1983); *Murray v. Reliance Ins. Co.*, 60 F.R.D. 390, 391-92 (D.Minn. 1973). A theory that another party is the correct defendant is not appropriate for a third party complaint. *Toberman v. Copas, supra*. at p. 1241-42.
>
> Primarily of concern to this court was whether or not the third party complaint actually set forth a claim of secondary liability.

*In re Stone Hedge Properties (Phoenix Capital Corp. vs. Stone Hedge Properties, et al.)* Adversary No. 5-93-ap-00152, slip op. at 2 (Bankr. M.D.Pa. July 13, 1994)

While the Third Party Plaintiff may have set forth claims made in the Third Party Complaint that are transactional vis-à-vis the original Complaint, do the allegations set forth derivative liability on behalf of ESSA to the Third Party Plaintiff?

The instant matter is before the Court on the Third Party Defendant's Motion to Dismiss for failure to state a claim under the case of *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Judge Opel, in the case of *In re Domiano (Louis J. Domiano, Jr. vs. Old Forge Bank)*, 422 B.R. 497 (Bkrtcy.M.D.Pa. 2009), succinctly set forth the dismissal standards of the *Twombly* case as applied by the

Third Circuit case of *Phillips vs. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008). Addressing the appropriate dismissal standard under Rule 12(b)(6), Judge Opel wrote:

> "... [O]n a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-1965, 1969 n. 8, 167 L.Ed.2d 929 (2007)). To survive a Rule 12(b)(6) motion, the pleadings must show plausibility. *Id.* at 234. "... [T]he '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965).
>
> "[The standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965 n. 3 (2007)). In reviewing the Complaint, the Court must "... read [the] allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted." *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir.2008) (referencing *Phillips*, 515 F.3d at 233).

*In re Domiano,* 422 B.R. at 500.

Other than an allegation that ESSA took a leading role in structuring the financing of the stock purchase in such a way as to give ESSA a security interest in all assets of the Debtor, very few factual allegations were pled which, taken as true, give rise to a right of relief against the Third Party Defendant. Simply stated, the allegations of the Third Party Complaint do not provide the Third Party Defendant with fair notice of the nature of the claim and the grounds upon which the claim rests against it. See *Twombly*, 127 S.Ct. at 1965.

Based upon the foregoing, I find that the Third Party Complaint does not state a claim upon which relief can be granted. The Motion to Dismiss filed by the Third Party

Defendant is granted and the Third Party Complaint is dismissed.

However, the Third Party Plaintiff is hereby granted leave to file an Amended Complaint in conformance with this Opinion on or within thirty (30) days of the date of the Order accompanying this Opinion, should the Third Party Plaintiff choose to proceed further with this litigation.

An Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 8, 2010

*This opinion is electronically signed and filed on the same date.*